UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jaycie Kim,<br><br>     Plaintiff,<br>vs.<br><br>The Lincoln National Life Insurance Company<br><br>     Defendant. | Case No. 0:21-cv-2774<br><br>**COMPLAINT** |

Plaintiff, for her Complaint against Defendant, states and alleges:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq.*

2. Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because The Lincoln National Life Insurance Company may be found in this district. In particular, The Lincoln National Life Insurance Company is registered as a corporation with the State of Minnesota, conducts ongoing business with

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

Minnesota residents, employs Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3. On information and belief, Defendant The Lincoln National Life Insurance Company insures employee benefit plan ("Plan") that United Services Automobile Association ("USSA") created and maintains to provide its employees with income protection should they become disabled.

4. On information and belief, Defendant The Lincoln National Life Insurance Company is a corporation organized and existing under the laws of the State of Nebraska, and is the insurer and claims administrator for the Plan.

5. On information and belief, USSA is organized and existing under the laws of the State of Texas and is the employer that created the Plan that provided its employees with income protection should they become disabled.

6. Plaintiff is a resident and citizen of the United States, an employee of USAA and a participant in the Plan.

7. As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

8. On information and belief, Plaintiff was covered at all relevant times under group disability policy number GF3-891-419734-01 which was issued by The

Lincoln National Life Insurance Company to USAA to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

9. On information and belief, The Lincoln National Life Insurance Company both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly, The Lincoln National Life Insurance Company has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

10. The Lincoln National Life Insurance Company's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

11. The Plan is an ERISA welfare benefit plan.

12. Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

13. Under the Plan, participants meeting the definition of "disabled" are also eligible for continuation of life insurance coverage, and a waiver of premiums for such life insurance coverage.

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict ***must be weighed as a factor*** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

14. Plaintiff became disabled under the terms of the Plan's policy on or about October 28, 2018 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

15. Plaintiff submitted a timely claim to The Lincoln National Life Insurance Company for disability benefits.

16. The Lincoln National Life Insurance Company granted Plaintiff's claim for disability benefits, and paid Plaintiff benefits until May 21, 2021. However, on May 22, 2021 The Lincoln National Life Insurance Company cancelled Plaintiff's disability benefits. Plaintiff appealed The Lincoln National Life Insurance Company's decision, but The Lincoln National Life Insurance Company denied Plaintiff's appeal on November 4, 2021.

17. Plaintiff provided The Lincoln National Life Insurance Company with substantial medical evidence demonstrating she was eligible for disability benefits.

18. The medical evidence Plaintiff provided included several reports from Plaintiff's treating physicians—specifically, reports and/or records from Dr. Alan Mallace, Dr. Donald Cunningham, Dr. Nizar Ramzan, and Dr. Payam Azima.

19. Dr. Alan Mallace concluded Plaintiff was unable to work, even in a sedentary job, because Plaintiff could not sustain sedentary exertion throughout a full-time work schedule.

20. Dr. Alan Mallace specifically concluded on June 11, 2021 that Plaintiff continued to be significantly debilitated from her ankylosing spondylitis and was unable to work at any capacity at that time.

21. Dr. Donald Cunningham also concluded Plaintiff was unable to work, even in a sedentary job, because Plaintiff could not sustain sedentary exertion throughout a full-time work schedule.

22. Dr. Donald Cunningham specifically concluded on June 16, 2021 that Plaintiff was "unable to work at this time. Her condition causes her extreme fatigue which causes severe pain if she performs any actions for longer than 1 hour. I feel that she should be on long term disability due to her chronic medical condition."

23. The medical evidence Plaintiff provided also included Plaintiff's application for Social Security Disability Income with the Social Security Administration, her medical file for her application for Social Security Disability Income with the Social Security Administration, and a fully favorable decision on Plaintiff being disabled from Social Security Administrative Law Judge Matthew C. Dawson.

24. Judge Matthew C. Dawson considered Plaintiff's age, education, work experience, and residual functional capacity, and on January 19, 2021 found there were no jobs that existed in significant numbers in the national economy that the Plaintiff could perform.

25. While The Lincoln National Life Insurance Company has the authority to make claims determinations under applicable law and the language of the Policy, The Lincoln National Life Insurance Company's determinations as Plan Fiduciary are not entitled to deference and the review of any benefits determinations must be made *de novo*.

26. As a full *de novo* review of this decision and the evidence in the claim file is required by statute, this Court should not abrogate its duty to perform such a review. Any failure to provide such a review would deprive Plaintiff of constitutional rights.

27. If the Court determines that an arbitrary and capricious standard of review applies to this case rather than a *de novo* standard, The Lincoln National Life Insurance Company's decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

a. The Lincoln National Life Insurance Company failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

b. The Lincoln National Life Insurance Company relied on the opinion of a medical professional who was financially biased by his/her relationship with The Lincoln National Life Insurance Company and as such unable to offer an unbiased opinion;

c. The Lincoln National Life Insurance Company relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

d. The Lincoln National Life Insurance Company relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physicians;

e. The Lincoln National Life Insurance Company ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

f. The Lincoln National Life Insurance Company ignored and/or misrepresented the opinions of Plaintiff's treating physicians.

28. Under the terms of the Plan, the denial of Plaintiff's benefits was clearly unreasonable, without basis, and/or wrong.

29. In the alternative, Lincoln National Life Insurance Company abused its discretion in denying Plaintiff's claim because the decision to deny benefits was not supported by substantial evidence in the record.

30. The Lincoln National Life Insurance Company's failure to provide benefits due under the Plan constitutes a breach of the Plan.

31. The Lincoln National Life Insurance Company's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from May 22, 2021 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

32. The Lincoln National Life Insurance Company's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

33. A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare she fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further

requests reimbursement of all expenses and premiums she paid for benefits under the Plan from the time of termination of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct The Lincoln National Life Insurance Company to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;
2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;
3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;
4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits, including but not limited to reinstatement of Plaintiff's life insurance coverage and a waiver of premiums;
5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of termination of benefits to the present;

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action; and

8. Any other legal or equitable relief the Court deems appropriate.

Dated: December 30, 2021

                                        RESPECTFULLY SUBMITTED,

                                        By: /s/ Blake Bauer

                                        Blake Bauer (MN Bar # 0396262)
                                        Zachary Schmoll (MN Bar # 0396093)
                                        **FIELDS LAW FIRM**
                                        9999 Wayzata Blvd
                                        Minnetonka, MN 55305
                                        Office: 612-370-1511
                                        Blake@Fieldslaw.com
                                        Zach@Fieldslaw.com

                                        *Attorneys for Plaintiff*